OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


April 15, 2002

The Honorable René O. Oliveira
Chair, Committee on Ways and Means
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0488

Re: Whether the City of Lake Jackson's sales and use tax election proposition allows expenditure of the taxes for an access road to service undeveloped commercially zoned property (RQ-0454-JC)

Dear Representative Oliveira:

Pursuant to section 4B of the Development Corporation Act of 1979 (the "Act"), the voters of the City of Lake Jackson (the "City") approved the collection of a one-half cent sales and use tax to pay for the costs of, among other improvements, "infrastructure improvements for the development of new or expanded business enterprises."[1] On behalf of the City, you ask whether the language approved by the voters allows the City to use the sales tax proceeds to build a proposed access road to service undeveloped commercially zoned property that fronts a state highway. *See* Request Letter, *supra* note 1. First, we conclude that under section 4B of the Act, the sales tax is levied for the benefit of the City's section 4B development corporation, the Lake Jackson Development Corporation (the "Corporation"); and the Corporation, rather than the City, is authorized to expend the tax proceeds for authorized projects. We next conclude, based on the information provided to us, that the voter-approved election proposition language does not, as a matter of law, prohibit the Corporation from using the sales tax proceeds to build the access road if it will promote the development of new and expanded enterprises.

To provide a legal context, we briefly review the Act's provisions regarding approval and use of the section 4B sales taxes. The Development Corporation Act of 1979 authorizes a city, county, or district to create an industrial development corporation to finance the cost of authorized "projects" that generally promote economic development. *See* TEX. REV. CIV. STAT. ANN. art. 5190.6 (Vernon 1987 & Supp. 2002). In particular, section 4B of the Act authorizes an eligible city to create an industrial development corporation governed by that section, *see id.* § 4B(b) (Vernon Supp. 2002), and authorizes the city to levy a sales and use tax for the benefit of the corporation, *see id.* § 4B(d), but only if approved by a majority of the voters at an election called for that purpose, *see id.* Other than the rate of the tax and descriptions of particular projects, section 4B does not

---

[1]*See* Letter from Honorable René O. Oliveira, Chair, Committee on Ways and Means, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General, at 1 (Oct. 17, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

generally specify the contents of the tax election proposition or ballot to be submitted to the voters. *See id.*; *see also id.* §§ 4B(a-3)(2) (requiring voter approval for specific venue projects "clearly described on the ballot"), (a-5) (requiring ballot proposition at election to adopt tax to clearly describe project if project involves water supply facilities or water conservation programs), (p) (requiring ballot to provide for voting for or against use of sales tax for "clean up of contaminated property"). Upon receipt of the sales tax proceeds from the Comptroller of Public Accounts, who administers the tax, the city must deliver the tax proceeds to the corporation. *See id.* § 4B(g). The corporation may use the sales tax proceeds to finance costs of authorized "projects." *See id.* § 4B(g)(1), (2). Those "projects" include "facilities and improvements" found by the board of directors of the corporation to:

> (A)  be required or suitable for use for professional and amateur (including children's) sports, athletic, entertainment, tourist, convention, and public park purposes and events, including stadiums, ball parks, auditoriums, amphitheaters, concert halls, learning centers, parks and park facilities, open space improvements, municipal buildings, museums, exhibition facilities, and related store, restaurant, concession, and automobile parking facilities, related area transportation facilities, and related roads, streets, and water and sewer facilities, and other related improvements that enhance any of those items;

> (B)  *promote or develop new or expanded business enterprises, including a project to provide* public safety facilities, *streets and roads,* drainage and related improvements, demolition of existing structures, general municipally owned improvements, as well as any improvements or facilities that are related to any of those projects and any other project that the board in its discretion determines promotes or develops new or expanded business enterprises.

*Id.* § 4B(a)(2)(A), (B) (Vernon Supp. 2002) (emphasis added).

With this statutory background, we turn to your question. You inform us that in May of 1995,[2] the voters of the City approved the levy and collection of a one-half cent sales and use tax. *See* Request Letter, *supra* note 1, at 1. The proposition submitted to the voters provided as follows:

> *The levy and collection of a [one-half] cent sales and use tax within the City for the purposes authorized by Section 4B of Article 5190.6, Vernon Texas Civil Statutes, as amended (the "Act"), but limited to*

---

[2]*See* Lake Jackson, Tex., Election Ordinance 95-1330 (May 6, 1995) (on file with Opinion Committee) [hereinafter Election Ordinance].

> *provisions for payment of* the costs of land, buildings, equipment, facilities, improvements and maintenance and operation costs for public park purposes, recreational facilities to be used for sports and entertainment, and *for infrastructure improvements for development of new or expanded business enterprises.*

Election Ordinance, *supra* note 2, at 2 (emphasis added).

You inform us that a private landowner owns commercially zoned undeveloped property that fronts, but is not accessible from, a public road. *See* Request Letter, *supra* note 1, at 1. We understand that this public road is State Highway 288. *See id.* (attached certified copy of excerpt from City minutes authorizing attorney general opinion request). The proposed road would provide access from the state highway to the private property. *See id.* We understand that the access road will be a public road. *See id.* (access road will be on public property). You ask:

> Does the ballot language that was approved by the voters authorize a funding of the proposed frontage access road to provide access to undeveloped land that is zoned commercial or does the language limit the use of one-half cent money in a manner that would prohibit use of the money for the proposed access road?

*Id.* at 1. While you do not elaborate, we presume that the City's legal concern is whether the proposed access road expenditure falls within the scope of the purposes for which the voters authorized the sales and use tax.[3]

Before addressing the City's principal concern, we address its assumption that the City, rather than its section 4B development corporation, may expend the sales tax proceeds for the purposes authorized by the voters. This assumption is contrary to the Act. The sales tax is imposed and collected by an eligible city for the benefit of the city's development corporation established under section 4B. *See* TEX. REV. CIV. STAT. ANN. art. 5190.6, § 4B(d) (Vernon Supp. 2002). Upon receipt of the sales tax proceeds, the city is required to deliver them to the development corporation. *See id.* § 4B(g). And the corporation is authorized to expend the sales tax proceeds for authorized project costs. *See id.; see also id.* §§ 2(11) (defining "projects" to include facilities found by corporation's board of directors to promote enumerated purposes), 4B(a)(2) (same). The city, of course, must ultimately "approve all programs and expenditures of the corporation." *See id.* § 21; *see also id.* § 23(12) (powers exercised by corporation subject at all times to control of city's governing body). We understand that the City has established the Lake Jackson Development Corporation under section 4B. Accordingly, the sales tax proceeds must be delivered to the Corporation; and the Corporation is authorized to expend the tax proceeds for the purposes authorized by the Act and approved by the voters.

---

[3]Neither the City nor the Corporation have provided any information.

We turn now to the City's concern regarding the scope of the election proposition. Proceeds of the section 4B sales and use tax may be used only for the purposes expressly represented to and approved by the voters, *i.e.*, the contract with the voters. *See* Tex. Att'y Gen. Op. No. JC-0400 (2001) at 4-5 (and cases cited). The contract with the voters clearly includes the purposes stated in an election ordinance or order formally adopted by a governing body and the election proposition submitted to the voters. *See id.* at 5. It also may include representations made by the governing body outside the formal election proceedings, for example, such as statements made before the election by representatives of the governing body to the public regarding specific purposes for which the proceeds will or will not be used. *See id.*

Assuming for the purposes of this opinion that neither the governing body of the City nor of the Corporation made any representations limiting the use of the sales and use tax proceeds beyond that in the election proposition approved by the City's voters, we believe the proposed access road expenditure is not excluded, as a matter of law, from the scope of the purposes for which the voters approved the sales tax.

The election proposition is sufficiently broad to embrace road and street projects authorized under section 4B of the Act. The proposition states that the tax proceeds may be used for three categories of the purposes authorized under section 4B: public park purposes and recreational facilities authorized by subsection (a)(2)(A) and "infrastructure improvements for development of new or expanded business enterprises" authorized under subsection (a)(2)(B). *See* Election Ordinance, *supra* note 2, at 2; TEX. REV. CIV. STAT. ANN. art. 5190.6, § 4B(a)(2)(A), (B) (Vernon Supp. 2002); *see supra* pp. 1-2. "Infrastructure improvements" is a broad phrase. *Black's Law Dictionary* defines "infrastructure" as "[t]he underlying framework of a system; esp., public services and facilities (such as highways, schools, bridges, sewers, and water systems) needed to support commerce as well as economic and residential development." BLACK'S LAW DICTIONARY 784 (7th ed. 1999). The term "improvements" is similarly broad: "An addition to real property, whether permanent or not; esp., one that increases its value or utility or that enhances its appearance." *Id.* at 761. "Infrastructure improvements" may reasonably be used to describe the category of specific public-service-facilities-type improvements authorized by section 4B(a)(2)(B): projects to "promote or develop new or expanded business enterprises, *including a project to provide public safety facilities, streets and roads, drainage and related improvements, demolition of existing structures, [and] general municipally owned improvements.*" TEX. REV. CIV. STAT. ANN. art. 5190.6, § 4B(a)(2)(B) (Vernon Supp. 2002) (emphasis added). This provision, we note, specifically authorizes, and did so at the time of the City's election, "streets and roads" among those public-service-type facilities. *See id.*; Act of May 22, 1993, 73d Leg., R. S., ch. 1022, § 3, 1993 Tex. Gen. Laws 4424, 4426 (adding section 4B(a)(2)(B)).

Additionally, section 4B does not require that a road and street project authorized under subsection (a)(2)(B) be specifically approved. Other than the rate of the tax and descriptions of particular projects, section 4B does not generally specify the contents of the tax election proposition or ballot to be submitted to the voters. After reviewing the statutory provisions, Attorney General

Opinion JC-0400, which dealt with whether sales tax proceeds could be expended for a park project that was not specifically approved by the voters, summarized section 4B's provisions as follows:

> [S]ection 4B requires that the sales and use tax be approved by the voters, but does not generally require that specific projects to be funded with the tax proceeds be approved by the voters. For most projects, voter approval is required only if the requisite number of voters submit a petition requesting such an election and the specific project or that specific type of project has not been approved previously. While there are particular types of projects that the legislature has indicated must always be approved by the voters at an election before a development corporation may undertake them, public parks and park facilities are not one of them.

Tex. Att'y Gen. Op. No. JC-0400 (2001) at 3. Similarly, here, a road or street project is not one of the projects that must be specifically described and approved by the voters. *Cf.* TEX. REV. CIV. STAT. ANN. art. 5190.6, §§ 4B(a-3)(2) (requiring voter approval for specific venue projects "clearly described on the ballot"), (a-5) (requiring ballot proposition at election to adopt tax to clearly describe project if project involves water supply facilities or water conservation programs), (p) (requiring ballot to provide for voting for or against use of sales tax for "clean up of contaminated property"). In sum, while the City's election proposition could have been more precise, we cannot say, as a matter of law, that "infrastructure improvements" excludes an access road.

That "infrastructure improvements" is broad enough to embrace the access road does not end our inquiry. The project must also promote the "development of new or expanded enterprises" under section 4B(a)(2)(B) and the City's voter-approved proposition. *See id.* § 4B(a)(2)(B) (providing that "projects" include facilities, and improvements found by the board of directors to "promote or develop new or expanded business enterprises, including a project to provide public safety facilities, streets and roads"); Election Ordinance, *supra* note 2, at 2 (proposition authorizing levy of sales tax to pay "for infrastructure improvements for development of new or expanded business enterprises"). But the determination of whether a particular project will promote "development of new or expanded business enterprises" is, in general, a question of fact within the discretion of the Corporation's board of directors in the first instance, subject to judicial review for abuse of discretion. *See* TEX. REV. CIV. STAT. ANN. art. 5190.6, § 4B(a)(2)(B) (Vernon Supp. 2002); Tex. Att'y Gen. Op. No. JC-0362 (2001) at 4 (and opinions cited). Thus, in order for the access road to come within the ambit of the Act and the proposition approved by the City's voters, the Corporation's board of directors must find that the access road will promote the development of new or expanded business enterprises. The board's determination must, of course, be reasonably supported by the facts. *See* Tex. Att'y Gen. Op. No. JC-0362 (2001) at 5-6. In this instance, it is conceivable that a road providing access to the undeveloped commercially zoned land is necessary for the commercial development of that land or will result in its commercial development, for example, by the construction or expansion thereon of a business enterprise. *Cf.* Tex. Att'y Gen. LO-95-072, at 2 (stating that it is unlikely that

construction of sewer facilities in residential subdivision would "promote or develop new or expanded business enterprises").

We conclude, based on the information provided to us, that the sales tax election proposition language approved by the City voters does not, as a matter of law, prohibit the Corporation from using the sales tax proceeds to build the proposed access road to service undeveloped commercially zoned property if the expenditure will promote the development of new or expanded business enterprises.

## S U M M A R Y

Under section 4B of the Development Corporation Act of 1979, the sales and use tax is levied for the benefit of the Lake Jackson Development Corporation established by the City of Lake Jackson under section 4B; and the Corporation, rather than the City, is authorized to expend the tax proceeds for authorized projects.

The 1995 sales and use tax election proposition approved by the voters of the City of Lake Jackson pursuant to section 4B does not prohibit the Lake Jackson Development Corporation from using the sales tax proceeds to build an access road to service undeveloped commercially zoned property that fronts a state highway if the expenditure will promote development of new or expanded business enterprises.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee